# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LEE GAINES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>VIRK, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-01689-LJO-JLT (PC)<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND TO PROSECUTE THIS ACTION**<br><br>**(Doc. 16)**<br><br>**21-DAY DEADLINE** |

On March 20, 2018, the Court screened Plaintiff's First Amended Complaint as required by 28 U.S.C. § 1915A(a). (Doc. 16.) That order granted Plaintiff leave to file a second amended complaint, and gave her 21 days to file notice of her desire to proceed solely on claims found cognizable in the First Amended Complaint, a second amended complaint correcting identified deficiencies, or a notice of voluntary dismissal. (*Id.*) Plaintiff requested a 30-day extension of time to respond to the screening order, which was granted on April 18, 2018. (Docs. 17, 18.) More than a month has passed and Plaintiff has failed to file an amended complaint, or to otherwise respond to the Court's Order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a

1

court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, **within 21 days** Plaintiff **SHALL** show cause in writing why this action should not be dismissed for her failure both to comply with the Court's order and to prosecute this action.

**Plaintiff's failure to respond to this order in the time provided will result in recommendation that this action be dismissed with prejudice based on her failure to obey the court's order and to prosecute this action.**

IT IS SO ORDERED.

   Dated: __**May 30, 2018**__            _/s/ Jennifer L. Thurston_
                                                                    UNITED STATES MAGISTRATE JUDGE