UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LEE GAINES,<br><br>               Plaintiff,<br><br>    v.<br><br>BEAVER,<br><br>              Defendant. | 1:16-cv-01689-LJO-JLT (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 26) |

       On June 4, 2019, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

       Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances exist. Even if the Court assumes that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot determine that Plaintiff is likely to succeed on the merits and, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate her claims. *Id.*

Though the Court appointed counsel for the limited purpose of drafting the Second Amended Complaint, (Doc. 23),[1] nothing as complex or crucial as drafting a pleading is pending at this time. The only action currently outstanding is Plaintiff's submission of a USM-285 Form, a summons, and two copies of the Second Amended Complaint for service on Defendant. (Doc. 25.) Plaintiff presents no evidence supporting that she is unable to fill out the required forms, obtain the necessary copies and submit them. (Doc. 26.) In fact, the filing of her motion for appointment of counsel—and her previous filings—demonstrates the contrary. Furthermore, the Court will not consider appointment of counsel unless it is accompanied by medical evidence showing that Plaintiff is physically incapable of prosecuting this action. Accordingly, the Court **ORDERS**:

1. Plaintiff's motion for the appointment of counsel, filed June 4, 2019 (Doc. 26), is DENIED, without prejudice; and

2. The Clerk of the Court is directed to re-serve Plaintiff a copy of the order directing Plaintiff to submit service documents (Doc. 25) and to remove Ms. Huang from the docket.

IT IS SO ORDERED.

Dated: **June 6, 2019**        /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE

---

[1] Ms. Huang's representation of Plaintiff ceased once the Second Amended Complaint was filed, but she mistakenly remained on the docket as representing Plaintiff. Thus, the Court mistakenly served the order for Plaintiff to submit service documents on Ms. Huang rather than directly on Plaintiff.