UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LEE GAINES,<br><br>            Plaintiff,<br><br>   v.<br><br>OFFICER BEAVER,<br><br>            Defendant. | Case No.: 1:16-cv-01689-LJO-JLT (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 37) |

On October 9, 2019, Plaintiff Mary Lee Gaines filed a motion seeking the appointment of counsel. (Doc. 37.) Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiffs under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that she has made serious allegations that, if proven, would entitle her to relief, her case is not extraordinary. The Court is faced with similar cases almost daily. In addition, at this early stage in the proceedings, the Court cannot determine whether Plaintiff is likely to succeed on the merits; and, based on a review of the records in this case, the Court does not find that Plaintiff cannot adequately articulate her claims. *See id.* Although the Court appointed counsel for the limited purpose of drafting Plaintiff's second amended complaint, (Doc. 23), nothing as crucial or complex as drafting a pleading is currently pending. In fact, since Defendants have yet to file a responsive pleading to Plaintiff's complaint, nothing is pending for Plaintiff at this time.

Plaintiff contends that she requires counsel because she is ill. (Doc. 37, p. 1.) However, Plaintiff does not present evidence, such as medical evidence, that she is unable to articulate her claims due to her illness. To the extent that Plaintiff is concerned that health problems may hinder her ability to reply to orders of the Court in a timely manner, the Court notes that Plaintiff may seek reasonable extensions of time as necessary to respond to Court orders. The Court routinely grants extensions of time upon showings of good cause, which may include a health issue that impedes a party's ability to timely respond to an order.

Plaintiff also implies that she is at a disadvantage because the defendants have counsel while she does not. (Doc. 37, pp. 1-2.) However, although the Court recognizes that Plaintiff is at a disadvantage due to her *pro se* status, the test is not whether Plaintiff would *benefit* from the appointment of counsel. *See Rand*, 113 F.3d at 1525 ("any pro se litigant certainly would be better served with the assistance of counsel"). Rather, the test is whether exceptional circumstances exist. The Court finds that, at present, they do not. For the foregoing reasons, Plaintiff's motion for the appointment of counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **October 18, 2019**            **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE