UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LEE GAINES,<br><br>        Plaintiff,<br><br>    v.<br><br>OFFICER BEAVER,<br><br>        Defendant. | Case No.: 1:16-cv-01689-LJO-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY DEFENDANT'S MOTION FOR ORDER REQUIRING PLAINTIFF TO POST SECURITY**<br><br>(Doc. 42) |

Defendant Beavers moves the Court for an order requiring Plaintiff to post security pursuant to Local Rule 151(b). (Doc. 42.) Plaintiff has not filed an opposition or statement of non-opposition to Defendant's motion, and the time to do so has passed. Local Rule 230(l). The Court deems the motion submitted. For the reasons set forth below, the Court RECOMMENDS that Defendant's motion be DENIED.

**I.    LEGAL STANDARD**

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citation omitted). Such sanctions seek to restrain the "[f]lagrant abuse of the judicial process" that "enables one person to preempt the use of judicial time that properly could be used to consider … meritorious claims." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). "However, such pre-filing orders are an extreme remedy that should rarely

be used." *Molski*, 500 F.3d at 1057. Courts should not issue these orders "with undue haste" or before "cautious review of the pertinent circumstances," since "such sanctions can tread on a litigant's due process right of access to the courts." *Id.*

Per Local Rule 151(b), "[t]he provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are … adopted as a procedural Rule of this Court." Under Title 3a, in relevant part, "a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security…. The motion … shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant." Cal. Civ. Proc. Code § 391.1.

Under Local Rule 151(b), the Court looks to state law for the *procedures* to use when deciding whether to order a plaintiff to furnish "a security, bond, or undertaking." The Court looks to federal substantive law to determine whether a litigant is "vexatious." *See, e.g.*, *Smith v. Officer Sergent*, No. 2:15-cv-0979-GEB-DBP, 2016 WL 6875892, at *2 (E.D. Cal. 2016) ("local rule and Ninth Circuit decisions demonstrate that the court looks to federal law, not state law, to define a vexatious litigant"); *Cranford v. Crawford*, No. 1:14-cv-00055-AWI-MJS, 2016 WL 4536199, at *3 (E.D. Cal. 2016) ("state statutory definition of vexatiousness is not enough to find a litigant vexatious in federal court"); *Goolsby v. Gonzales*, No. 1:11-cv-00394-LJO-GSA, 2014 WL 2330108, at *1 (E.D. Cal. 2014) ("While Local Rule 151(b) directs the Court to look to state law for the *procedure* in which a litigant may be ordered to furnish security, this Court looks to federal law for the definition of vexatiousness, and under federal law, the standard for declaring a litigant vexatious is more stringent.")

Under federal law, the Court must make specific findings of frivolousness or harassment to declare a litigant vexatious. *See Molski*, 500 F.3d at 1058. "To make such a finding, the district court needs to look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *De Long*, 912 F.2d at 1148 (citations and internal quotation marks omitted). In other words, "[a]n injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Moy v. United*

*States*, 906 F.2d 467, 470 (9th Cir. 1990).

**II.  DISCUSSION**

    **A.  Plaintiff's Prior Lawsuits**

Per Defendant's request, (Doc. 42-2), the Court takes judicial notice of five of Plaintiff's prior lawsuits:[1] (1) *Gaines v. Lewis*, No. MCV074759 (Cal. Super. Ct., Madera Cty.); (2) *Gaines v. Greenberg*, No. 17-cv-05720-RS (N.D. Cal.); (3) *Gaines v. Greenberg*, No. RG17854239 (Cal. Super. Ct., Alameda Cty.); (4) *Gaines v. Lwin*, No. 1:16-cv-00168-LJO-MJS (E.D. Cal.); and, (5) *Gaines v. Lwin*, No. 17-15142 (9th Cir.).

In *Gaines v. Lewis*, No. MCV074759, the court dismissed Plaintiff's complaint without prejudice for her failure to file an amended complaint after the court sustained the defendants' demurrer. (Doc. 42-1 at 4; Doc. 42-2 at 5-6.)  In *Gaines v. Greenberg*, No. 17-cv-05720-RS, the court dismissed Plaintiff's complaint, in part, because it was barred by the "favorable termination rule" of *Heck v. Humphrey*, 512 U.S. 477 (1994). 2017 U.S. Dist. LEXIS 192901, at *4 (N.D. Cal. 2017). The Court stated that Plaintiff may refile some of her claims "if she can show that her convictions have been invalidated." *Id.* at *4-5.

In *Gaines v. Greenberg*, No. RG17854239, the court dismissed Plaintiff's case without prejudice after Plaintiff filed a request for dismissal. (Doc. 42-1 at 4; Doc. 42-2 at 24.)  Finally, in *Gaines v. Lwin*, No. 1:16-cv-00168-LJO-MJS, the Court dismissed Plaintiff's complaint for failure to state a claim of deliberate indifference to Plaintiff's safety. 2016 U.S. Dist. LEXIS 128356, at *5-6 (E.D. Cal. 2016). There, Plaintiff alleged that the defendant "pushed her along on a walker too quickly," causing her to fall and injure herself. *Id.* The Court concluded that the allegations may assert carelessness or negligence but not a cognizable Eighth Amendment claim. *Id.* at *6. The Ninth Circuit affirmed the district court's dismissal in *Gaines v. Lwin*, No. 17-15142, 698 F. App'x 352, 352 (9th Cir. 2017).

    **B.  Defendant's Motion**

As explained above, the Court must find that Plaintiff's prior claims were frivolous or harassing to declare her a vexatious litigant. *See Molski*, 500 F.3d at 1058. A complaint is

---

[1]  The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (defining "frivolous" under the *in forma pauperis* statute, 28 U.S.C. § 1915); *see also Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (same). But, a complaint that fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not *per se* frivolous, *id.* at 331, nor is a complaint that is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1055 (9th Cir. 2016).

In *Gaines v. Lwin*, Plaintiff states an arguable claim; the Court simply found that it failed to rise to the level of a constitutional violation. 2016 U.S. Dist. LEXIS 128356, at *6. In *Gaines v. Greenberg*, No. 17-cv-05720-RS, the Court dismissed Plaintiff's complaint, in part, because it was barred by *Heck*, 2017 U.S. Dist. LEXIS 192901, at *4; and, the Ninth Circuit affirmed. 698 F. App'x at 352. None of these three cases were dismissed because they were frivolous.

Likewise, neither *Gaines v. Lewis* nor *Gaines v. Greenberg*, No. RG17854239, were dismissed because they were frivolous. The California Superior Court dismissed the former because Plaintiff failed to file an amended complaint, and it dismissed the latter because Plaintiff filed a notice of voluntary dismissal. (Doc. 42-1 at 4; Doc. 42-2 at 5-6, 24.)

In her motion, Defendant utilizes state law to argue that Plaintiff is a vexatious litigant. (*See* Doc. 42-1 at 3-4.) Under California law, a litigant is vexatious if, "[i]n the immediately preceding seven-year period[, she] has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been … finally determined adversely to the person…." Cal. Civ. Proc. Code § 391(b)(1). However, as explained above, the Court looks to federal law to determine whether Plaintiff is vexatious, *see Smith*, 2016 WL 6875892, at *2; and, under federal law, "the standard for declaring a litigant vexatious is more stringent." *Goolsby v. Gonzales*, 2014 WL 2330108, at *1 (E.D. Cal. 2014).

Based on the five lawsuits above, the Court does not find that Plaintiff's litigation efforts have yet risen to the level of vexatious. None of the above cases were dismissed because they were frivolous, and none reveal an intention to harass. *See Molski*, 500 F.3d at 1058. Plaintiff has not filed numerous complaints, and no court has found that any of her complaints were patently without merit. *See Moy*, 906 F.2d 467, 470 (9th Cir. 1990). District courts should issue orders

sanctioning vexatious litigants only in rare circumstances, *see Molski*, 500 F.3d at 1057, and the Court declines to do so here. Because the Court does not find that Plaintiff is vexatious, the Court does not reach the issue of whether there is a reasonable probability that she will prevail in this case.

## III. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** that Defendant's motion, (Doc. 42), be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Defendant may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Defendant's failure to file objections within the specified time may result in waiver of her rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 10, 2019**           **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE