# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LEE GAINES,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER BEAVER,<br><br>    Defendant. | 1:16-cv-01689-LJO-JLT (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANT'S MOTION FOR ORDER REQUIRING PLAINTIFF TO POST SECURITY**<br><br>(Docs. 42, 45) |

Plaintiff Mary Lee Gaines is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Defendant Beavers moves for an order requiring Plaintiff to post security pursuant to Local Rule 151(b). (Doc. 42.) On December 10, 2019, the assigned magistrate judge issued findings and recommendations to deny Defendant's motion. (Doc. 45.) The magistrate judge found that, under federal law, Plaintiff's prior litigation activity does not rise to the level of "vexatious," thus Plaintiff should not be required to post security pursuant to Local Rule 151(b). (*Id.* at 4-5.) Local Rule 151(b) adopts as a "procedural [r]ule" of the Court "Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, … on the basis of which the Court may order the giving of a security, bond, or undertaking." The magistrate judge found that, in the Eastern District, "the Court looks to state law for the procedures to use … to order a

1  plaintiff to furnish" a security, but it "looks to federal substantive law to determine whether a
2  litigant is 'vexatious.'" (*Id.* at 2 (emphasis removed).) Under federal law, the magistrate judge
3  found that Plaintiff is not vexatious and, therefore, recommended denial of Defendant's motion.
4  (*Id.* at 4-5.)

5  Defendant filed objections to the findings and recommendations on December 23, 2019.
6  (Doc. 50.) In her objections, Defendant argues that "requiring a party to post security is not a
7  sanction by the Court" but instead "a procedural requirement." (*Id.* at 2.) On this point, the Court
8  notes that, for a plaintiff proceeding *in forma pauperis*, an order requiring her to post security in
9  the amount of $7,700, (*see* Doc. 42 at 1), will likely dispose of this action. Thus, such an order
10 serves as a sanction in practical terms, if not in technical ones. *See Simulnet E. Assocs. v. Ramada*
11 *Hotel Operating Co.*, 37 F.3d 573, 575-76 (9th Cir. 1994) (imposition of bond requirement on
12 plaintiffs who could not post bond, based on belief that defendants would prevail at trial, "[i]n
13 practical effect, … amounted to a judgment as a matter of law.")

14 Defendant also argues that "Plaintiff's 'vexatiousness' is not at issue," and that her motion
15 "does not require a showing of 'vexatiousness'…" (Doc. 50 at 2, 5.) However, this ignores the
16 plain language of California Code of Civil procedure section 391.1, upon which Defendant's
17 motion is based, (*see* Doc. 42-1 at 3.) The statute provides, "[t]he motion for an order requiring
18 the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that
19 the plaintiff is a vexatious litigant." Cal. Civ. Proc. Code § 391.1. The magistrate judge simply
20 based whether such a showing is made on federal law, instead of the definition provided by
21 California statute. (*See* Doc. 45 at 2, 4.)

22 Defendants point to cases in the Eastern District where courts use the state definition of
23 "vexatious litigant" in imposing a security requirement. (Doc. 50 at 3-4). The Court
24 acknowledges that the case history regarding whether to apply the state or federal definition of
25 vexatiousness is unhelpfully mixed. *Compare, e.g., Benyamini v. Vance*, No. 2:13-cv-00910-
26 TLN-AC, 2016 WL 1253898, at *4 (E.D. Cal. 2016) (utilizing California law), *with Smith v.*
27 *Officer Sergent*, No. 2:15-cv-0979-GEB-DBP, 2016 WL 6875892, at *2 (E.D. Cal. 2016)
28 (utilizing federal law).

The crux of the matter, though, is that the decision to require a plaintiff to post security is a discretionary one. *See* Local Rule 151(b) (the Court *may* order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby) (emphasis added); *see also Bradford v. Brooks*, 659 F. App'x 935, 936 (9th Cir. 2016) ("district court did not abuse its discretion by requiring [plaintiff] to post a security after declaring him a vexatious litigant…"). Here, the magistrate judge relied on federal law to recommend that Plaintiff not be declared a vexatious litigant, and thereby required to post security pursuant to Local Rules, based on the only five cases to which Defendant points—two of which involved the same matter at the trial and appellate levels, and none of which were deemed frivolous or patently without merit. (*See* Doc. 45 at 4-5.) The Court agrees that the present case does not warrant the imposition of a security requirement that will likely dispose of this matter. *Simulnet E. Assocs.*, 37 F.3d at 575-76 ("In requiring a security bond for defendants' costs, care must be taken not to deprive a plaintiff of access to the federal courts. To do so has serious constitutional implications."). It is in the Court's discretion to decline to impose such requirement.

Accordingly, the Court HEREBY ORDERS:

1. The findings and recommendations issued on December 10, 2019, (Doc. 45), are ADOPTED;
2. Defendant's motion for an order requiring Plaintiff to post security, (Doc. 42), is DENIED.

IT IS SO ORDERED.

Dated: **January 4, 2020**           /s/ Lawrence J. O'Neill
                                     UNITED STATES CHIEF DISTRICT JUDGE

3