1

2

3

4

5

6

7

8  UNITED STATES DISTRICT COURT

9  EASTERN DISTRICT OF CALIFORNIA

10

11  MARY LEE GAINES,

   Plaintiff,

12

13  v.

14  OFFICER BEAVER,

15  Defendant.

16

Case No. 1:16-cv-01689-NONE-JLT (PC)

**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST**

(Doc. 55)

21-DAY DEADLINE

17       Defendant moves for summary judgment on the grounds that Plaintiff failed to exhaust

18  administrative remedies prior to filing suit. (Doc. 55.) Plaintiff has failed to file an opposition or a

19  statement of non-opposition to Defendant's motion, and the time to do so has passed. (*See* Doc.

20  68.) For the reasons set forth below, the Court recommends that Defendant's motion be granted

21  and this action dismissed.

22  **I.  SUMMARY OF FACTS**

23       Mary Lee Gaines has chronic obstructive pulmonary disease and chronic asthma, and she

24  often requires an oxygen tank to assist her with breathing. Pl.'s Compl. 3 (Doc. 24). At all times

25  relevant to this action, Plaintiff was incarcerated at Central California Women's Facility. *Id.*

26  Plaintiff alleges that she had difficulty breathing while at a prison chapel on May 10, 2015. *Id.* 4.

27  Prison officials activated an "emergency code" and brought Plaintiff an oxygen tank. *Id.*

28       While being transported back to the "Skilled Nursing Facility," Correctional Officer Voltz

stopped Plaintiff and told her she needed to be strip searched. *Id.* Plaintiff alleges that Defendant-Correctional Officer Beavers and other correctional officers removed Plaintiff's oxygen tank and ordered her to be strip searched. *Id.* According to Plaintiff, although she had difficulty breathing, Officer Beavers told her, "I don't care if you can't breathe." *Id.* Plaintiff alleges that, while being strip searched, she fainted and fell to the floor. *Id.* 5.

Plaintiff filed an administrative grievance regarding the incident on July 8, 2015. Defs.' Statement of Undisputed Facts ("SUF") ¶ 9 (Doc. 55-3); Gates Decl. Ex. B (Doc. 55-4). In the grievance, Plaintiff alleged that Nursing Assistants Betty, Ray, and Thomas deprived her of an oxygen tank at the prison chapel and when returning from the chapel. *Id.* Plaintiff does not mention Officer Beavers. Prison officials partially granted Plaintiff's grievance at the first level of review, permitting Plaintiff to carry her oxygen tank with her as necessary. *Id.* Plaintiff did not appeal the decision to the second level of review.

Plaintiff also filed a "reasonable accommodation request" regarding the incident on June 5, 2015. SUF ¶ 13; Thissen Decl. Ex. B (Doc. 55-6). In her request, Plaintiff alleged that prison staff were deliberately indifferent to her shortness of breath. *Id.* The request did not provide any staff names. *Id.* When interviewed about the request, Plaintiff identified Officer Voltz, "who was the primary driving force as to … having to complete an unclothed body search." *Id.* Officials partially granted Plaintiff's request at the first level of review, approving Plaintiff for use of an oxygen tank, a walker, and a wheelchair. *Id.* Plaintiff did not appeal the decision to the second level of review. SUF ¶ 13.

Plaintiff filed a second reasonable accommodation request on June 19, 2015. SUF ¶ 14; Thissen Decl. Ex. C. In the request, Plaintiff complains that staff were not allowing her to carry her oxygen tank with her wheelchair, and she requested an eggcrate mattress. *Id.* The request did not provide any staff names or incident dates. *Id.* Officials partially granted the request at the first level of review, approving Plaintiff for carrying an oxygen tank while using her wheelchair. *Id.* Plaintiff did not appeal the decision to the second level of review. SUF ¶ 14.

Plaintiff filed no other grievances concerning the events underlying this action. *See id.* ¶¶ 7, 9-15. Plaintiff filed suit on November 7, 2016. *Id.* ¶ 8.

1    **II.    LEGAL STANDARDS**

2        **A.    Summary Judgment**

3        Summary judgment is appropriate when the moving party "shows that there is no genuine

4    dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

5    Civ. P. 56(a). The moving party "initially bears the burden of proving the absence of a genuine

6    issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing

7    *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by

8    "citing to particular parts of materials in the record, including depositions, documents,

9    electronically stored information, affidavits or declarations, stipulations …, admissions,

10   interrogatory answers, or other materials," or by showing that such materials "do not establish the

11   absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

12   evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). When the non-moving party bears

13   the burden of proof at trial, "the moving party need only prove that there is an absence of

14   evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*,

15   477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B).

16       Summary judgment should be entered against a party who fails to make a showing

17   sufficient to establish the existence of an element essential to that party's case, and on which that

18   party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of

19   proof concerning an essential element of the nonmoving party's case necessarily renders all other

20   facts immaterial." *Id.* at 322–23. In such a circumstance, summary judgment should be granted,

21   "so long as whatever is before the district court demonstrates that the standard for the entry of

22   summary judgment … is satisfied." *Id.* at 323.

23       **B.    Exhaustion of Administrative Remedies**

24       The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect

25   to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in

26   any jail, prison, or other correctional facility until such administrative remedies as are available

27   are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and

28   "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).

3

Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The failure to exhaust administrative remedies is an affirmative defense, which the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. The defendant bears the burden of producing evidence that proves a failure to exhaust; and, summary judgment is appropriate only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary judgment, the defendant must prove (1) the existence of an available administrative remedy and (2) that Plaintiff failed to exhaust that remedy. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citations omitted). If the defendant meets this burden, "the burden shifts to the plaintiff, who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him…." *Id.* If the plaintiff fails to meet this burden, the court must dismiss the unexhausted claims or action without prejudice. *See Lira v. Herrera*, 427 F.3d 1164, 1175 (9th Cir. 2005).

**C.  CDCR Grievance Process**

The CDCR has an administrative grievance system for prisoners to appeal a policy, decision, action, condition, or omission by the department or staff if it has an adverse effect on prisoner health, safety, or welfare. Cal. Code Regs. tit. 15, §§ 3084.1(a) (2016); 3999.226(a). Compliance with 42 U.S.C. § 1997e(a) requires California state prisoners to utilize CDCR's grievance process to exhaust their claims prior to filing suit in court. *See Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010); *see also Woodford*, 548 U.S. at 85-86. Administrative appeals are generally subject to two to three levels of review before the remedy is deemed exhausted. Cal. Code Regs. tit. 15, §§ 3084.1(b) (2016), 3084.7(d)(3) (2016), 3999.226(g), 3999.230(h); s*ee also Sapp*, 623 F.3d at 818.

4

1    **III.    DISCUSSION**

2          The PLRA requires "proper exhaustion," which means that "the prisoner must complete

3    the administrative review process in accordance with the applicable procedural rules … as a

4    precondition to bringing suit in federal court." *Woodford*, 548 U.S. at 88, 93. The rules that must

5    be followed, in other words, "are defined not by the PLRA, but by the prison grievance process

6    itself." *Jones*, 549 U.S. at 218. "The level of detail necessary in a grievance to comply with the

7    grievance procedures will vary from system to system …, but it is the prison's requirements, and

8    not the PLRA, that define the boundaries of proper exhaustion." *Id.*

9          Prior to 2011, California's grievance procedures only required inmates to "describe the

10   problem and the action requested." *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)

11   (quoting former Cal. Code Regs. tit. 15, § 3084.2). The regulations were amended in 2010. *See*

12   Cal. Code Regs. tit. 15, § 3084.2 (History Notes 11-12). In 2015, the regulations required the

13   following:

14          The inmate … shall list all staff member(s) involved and shall describe their
            involvement in the issue…. [T]he inmate … shall include the staff member's
15          last name, first initial, title or position, if known, and the dates of the staff member's
            involvement in the issue under appeal. If the inmate … does not have the requested
16          identifying information about the staff member(s), he or she shall provide any other
            available information that would assist the appeals coordinator in making a
17          reasonable attempt to identify the staff member(s) in question.

18

19   *Id.* § 3084.2(a)(3) (2016). Additionally, the regulations required that a prisoner pursue an appeal

20   through three levels of review in order to exhaust administrative remedies. *Id.* §§ 3084.1(b)

21   (2016), 3084.7(d)(3) (2016).

22          Plaintiff filed three grievances related the incident underlying this action, which occurred

23   on May 10, 2015. *See id.* ¶¶ 7, 9-15. None of these grievances exhausted the claims in Plaintiff's

24   complaint. First, none of the grievances identified Defendant Beavers by name or provided other

25   information that would assist in a reasonable attempt to identify her. Second, she did not pursue

26   any of the grievances beyond the first level of review. *Id.* ¶¶ 9, 13-14.

27          The Supreme Court has held "that the PLRA exhaustion requirement requires proper

28   exhaustion." *Woodford*, 548 U.S. at 93. To properly exhaust, prisoners must comply with the

1  prison's grievance procedures. *Jones*, 549 U.S. at 218. That is, "the prison's requirements …

2  define … proper exhaustion." *Id.* It is clear that Plaintiff's grievances did not comply with

3  CDCR's exhaustion requirements and therefore did not properly exhaust the claims at issue in

4  this action.

5  **IV.    CONCLUSION AND RECOMMENDATION**

6          Based on the foregoing, the Court recommends that Defendant's motion for summary

7  judgment (Doc. 55) be **GRANTED** and this action **DISMISSED** without prejudice for failure to

8  exhaust administrative remedies.

9          These Findings and Recommendations will be submitted to the United States District

10  Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days**

11  of the date of service of these Findings and Recommendations, Plaintiff may file written

12  objections with the Court. The document should be captioned, "Objections to Magistrate Judge's

13  Findings and Recommendations." Plaintiff's failure to file objections within the specified time

14  may result in waiver of her rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir.

15  2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

16

17  IT IS SO ORDERED.

18      Dated:    **August 5, 2020**                    **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26

27

28